**IT IS ORDERED**

**Date Entered on Docket: November 5, 2021**



_____
**The Honorable Robert H Jacobvitz
United States Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

IN RE:
DON SALAZAR, JR.
SSN / ITIN: xxx-xx-6145
*fdba* C & S Trucking Co.
AUDREY ANDREA SALAZAR
SSN / ITIN: xxx-xx-7729
        Debtors.                          Case No. 13-20-11218-JA

**STIPULATED ORDER RESOLVING CREDITOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR THE ABANDONMENT OF PROPERTY**

This matter came before the Court on the stipulation of the Debtors, by and through attorney; Law Offices of Gerald R. Velarde (Gerald R. Velarde) and Creditor Wilmington Savings Fund Society dba Christiana Trust, not individually, but solely as Trustee for NYMT Loan Trust I, by and through Rose L. Brand & Associates, P.C. (Elizabeth Dranttel) resolving the Motion for Relief from the Automatic Stay and for the Abandonment of the Property filed on

June 28, 2021, (DOC 104) (the "Motion") by Wilmington Savings Fund Society dba Christiana Trust, not individually, but solely as Trustee for NYMT Loan Trust I ("Wilmington Savings"). The Court, having reviewed the record, the Motion, the Objection and being otherwise sufficiently informed, FINDS:

a. On June 28, 2021, Wilmington Savings served the Motion and a Notice of the Motion (the "Notice") on Gerald R Velarde, Attorney for Debtors and Tiffany M. Cornejo, Trustee (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtor Don Salazar, Jr., by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

b. The Motion relates to the property located at 1035 Waterfall Dr NE Rio Rancho, New Mexico 87144, more fully described as:

> Lot numbered Thirty-one (31) in Block numbered Seven (7), Northern Meadows Unit 12, as same is shown and designated on plat entitled, "Northern Meadows Unit 12 a subdivision of Tract D-1A Northern Meadows Unit 11-Phase 1 within Unit Twenty-two and Sections 27 and 34, T13N, R.2E, N.M.P.M. city of Rio Rancho, Sandoval County, New Mexico', filed in the office of the County Clerk of Sandoval County, New Mexico on August 3, 2005, in Vol 3, Folio 2565 B.

including any improvements, fixtures, and attachments, such as, but not limited to, mobile homes (the "Property"). If there is a conflict between the legal description and the street address, the legal description shall control.

c. The Notice provided for an objection deadline of 21 days from the date of service of the Notice, to which three days was added pursuant to Bankruptcy Rule 9006(f);

d. The Notice was sufficient in form and content;

e. The Court being advised of both the Debtors' and the Trustee's consent to the relief requested herein and their approval as to the form of this Order; and the Court having considered Wilmington Savings' Motion, now enter this Order stipulating to the cure of the default set out in the Motion and providing that the Debtors will stay current on future payments as they become due.

The parties stipulate and agree to the following terms:

1. Debtor Don Salazar has cured the post-petition payment amounts due on Wilmington Savings's Note (the "Note") and Mortgage through October 1, 2021.

2. The Debtor Don Salazar shall continue to make his regular monthly mortgage payments in the current amount of $1,311.93 as they come due (unless otherwise notified by Wilmington Savings), commencing with the November 1, 2021 payment and continuing thereafter.

3. In the event the Debtor Don Salazar fails to tender a payment as due and required by this Order, the movant may file a Notice of Default with the Court, which will be mailed to the Debtor and sent by electronic notification to Debtors' counsel. The Debtor will have ten (10) days from the filing of a Notice of Default to cure the default. **The Debtor will only receive two (2) such Notices**. If the Debtor fails to cure the default, including the payment of the above described attorney's fees, within ten (10) days from the filing of a Notice of Default, then upon the movant's filing of an Affidavit of Default, the automatic stay effectuated by Debtors' bankruptcy filing will be lifted as ordered herein, so that Wilmington Savings may avail itself to the rights and remedies afforded under its Note and Mortgage, including but not limited to the right to foreclose against the property if available under State Law.

4. **In the event that the Debtor defaults a third time, the movant may immediately proceed with the filing of its Affidavit of Default, thereby terminating the automatic stay and abandoning the subject property as ordered herein, so that Wilmington Savings Fund Society dba Christiana Trust, not individually, but solely as Trustee for NYMT Loan Trust I may avail itself to the rights and remedies afforded under its Note and Mortgage, including but not limited to the right to foreclose against the property if available under State Law**.

5. In the event the Debtor's default and upon proper notice of the default to the Trustee, the Trustee shall immediately cease making payments to Wilmington Savings Fund Society dba Christiana Trust, not individually, but solely as Trustee for NYMT Loan Trust I pursuant to the Debtors' Chapter 13 Plan, and future payments, if any, will only be made by the Trustee pursuant to an Amended Proof of Claim filed by Wilmington Savings Fund Society dba Christiana Trust, not individually, but solely as Trustee for NYMT Loan Trust I for any unsecured deficiency balance.

IT IS, THEREFORE, THE ORDER OF THIS COURT:

That in accordance with the above agreed upon terms, upon the movant's filing of an Affidavit of Default and pursuant to Section 362(d) of Title 11 of the United States Code (the "Bankruptcy Code"), the automatic stay of Section 362(a) of the Bankruptcy Code is hereby lifted as to the real property identified in Wilmington Savings Fund Society dba Christiana Trust, not individually, but solely as Trustee for NYMT Loan Trust I's Note and Mortgage. Said property is located at 1035 Waterfall Dr NE, Rio Rancho, New Mexico 87144 (the "Property"), more fully and completely described as:

> Lot numbered Thirty-one (31) in Block numbered Seven (7), Northern Meadows Unit 12, as same is shown and designated on

> plat entitled, "Northern Meadows Unit 12 a subdivision of Tract D-1A Northern Meadows Unit 11-Phase 1 within Unit Twenty-two and Sections 27 and 34, T13N, R.2E, N.M.P.M. city of Rio Rancho, Sandoval County, New Mexico', filed in the office of the County Clerk of Sandoval County, New Mexico on August 3, 2005, in Vol 3, Folio 2565 B.

including any improvements, fixtures, and attachments, such as, but not limited to, mobile homes. If there is a conflict between the legal description and the street address, the legal description shall control.

That upon default by the Debtor Don Salazar and proper notice of the default to the Trustee, the Property is hereby abandoned pursuant to Section 554 of the Bankruptcy Code, and Wilmington Savings Fund Society dba Christiana Trust, not individually, but solely as Trustee for NYMT Loan Trust I may avail itself to the rights and remedies afforded under the Note and Mortgage, including but not limited to the right to foreclose against the Property if available under State Law.

That upon default by the Debtor and proper notice of the default to the Trustee, the Trustee shall cease making payments to Wilmington Savings Fund Society dba Christiana Trust, not individually, but solely as Trustee for NYMT Loan Trust I pursuant to Debtors' Chapter 13 Plan, and any future payment and/or deficiency owed by the Debtor Don Salazar to Wilmington Savings Fund Society dba Christiana Trust, not individually, but solely as Trustee for NYMT Loan Trust I after sale of the Property shall be set forth in an Amended Proof of Claim filed by Wilmington Savings Fund Society dba Christiana Trust, not individually, but solely as Trustee for NYMT Loan Trust I and shall be subject to the Bankruptcy Code should this bankruptcy continue. If the Note and the obligation therein are fully satisfied and there remain any money-proceeds from the sale of the Property, then such monies will be paid to the Trustee for the benefit of the estate.

That upon the Debtor's default, the filing of the movant's Affidavit of Default, and the termination of the automatic stay and the abandonment of the subject property as provided herein, Fed. R. Bankr. P. 4001(a)(3) is not applicable and/or is waived and Wilmington Savings Fund Society dba Christiana Trust, not individually, but solely as Trustee for NYMT Loan Trust I may immediately enforce and implement relief from the automatic stay and foreclose on the subject property if available under State Law.

This Stipulated Order (the applicable payment and default terms herein) shall remain effective, upon conversion to another chapter bankruptcy.

XXX END OF ORDER XXX

SUBMITTED BY:

ROSE L. BRAND & ASSOCIATES, P.C.

By  /s/Elizabeth Dranttel e-signed
   ELIZABETH DRANTTEL
   Attorneys for Creditor
   7430 Washington Street, NE
   Albuquerque, NM 87109
   Telephone: (505) 833-3036
   elizabeth.dranttel@roselbrand.com

APPROVED BY:

LAW OFFICE OF GERALD R VELARDE

By   concurrence received via e-mail 11/4/21
   GERALD R VELARDE
   Attorney for Debtors
   2531 Wyoming Blvd NE
   Albuquerque, NM 87112-1027
   Telephone: (505) 248-1828
   velardepc@hotmail.com
   gvelarde@velardepc.com


By   concurrence received via e-mail on 11/4/21
   TIFFANY M. CORNEJO
   Chapter 13 Trustee
   625 Silver Avenue SW Suite 350
   Albuquerque, NM 87102-3111
   Telephone: (505) 243-1335
   orders@ch13nm.com


COPY TO:

Don Salazar, Jr. and
Audrey Andrea Salazar,
Debtors
1035 Waterfall Dr NE
Rio Rancho, NM 87144

8000-217-FFB 7717193.doc jlr     7
Case 20-11218-j13    Doc 115    Filed 11/05/21    Entered 11/05/21 09:36:14 Page 7 of 7